UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEZZENIA A. RAMIREZ,<br><br>        Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No.  CV 04-7252-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On August 31, 2004, Jezzenia A. Ramirez ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for disability insurance benefits. On September 27, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on March 9, 2005, defendant filed an Answer to Complaint. On August 12, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On November 12, 2002, plaintiff filed an application for Disability Insurance benefits. (Administrative Record ["AR"] at 97-99). Plaintiff alleged that beginning on August 12, 2002, she was unable to work because she suffered from fibromyalgia. (AR at 115). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 81, 82-85).

On or about March 11, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 86). On November 26, 2003, the ALJ conducted a hearing in Long Beach, California. (AR at 77-80). Plaintiff appeared at the hearing with her counsel and testified. (AR at 59-75). Sandra Schneider, a vocational expert, also appeared and testified. (AR at 75-79).

On February 2, 2004, the ALJ issued his decision denying benefits. (AR at 36-39). In his decision, the ALJ concluded that plaintiff suffered from the severe impairments of fibromyalgia. (AR at 38). According to the ALJ, however, her fibromyalgia symptoms do not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ concluded that plaintiff could perform her past relevant work as a teacher's aide, secretary, customer service representative, and typist clerk. (Id.). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

On February 5, 2004, plaintiff filed a timely request with the Appeals Council for a review of the ALJ's decision. (AR at 31). The Appeals Council subsequently affirmed the ALJ's decision. (AR at 5-8).

**PLAINTIFF'S CONTENTIONS**

In the Joint Stipulation, plaintiff makes the following claims:

1. The ALJ failed to call a Medical Advisor in considering plaintiff's fibromyalgia.

2. The ALJ failed to properly assess the medical record.

3. The ALJ failed to properly assess plaintiff's credibility and pain testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///
///
///

**DISCUSSION**

**A.   The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. (Id. at 140). At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. (Id. at 140-41). Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. (Id. at 141). If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. Bowen, 482 U.S. at 141. If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. (Id. at 142). The claimant is entitled to disability benefits only if he is not able to perform such work. (Id.).

///
///
///
///

**B.   Rejection of Plaintiff's Credibility and Pain Testimony**

Plaintiff contends that the ALJ improperly rejected plaintiff's credibility regarding her pain. In his decision, the ALJ rejected plaintiff's credibility based on two grounds. First, the ALJ found that plaintiff's testimony concerning her functional imitations were not established by the medical record. (AR at 38). Second, the ALJ found that plaintiff's activities were inconsistent with her allegations of total disability. (Id.).

At the hearing, plaintiff testified that she felt pain in her wrists, back, knees, and ankles. (AR at 68). In a December 5, 2002 Pain Questionnaire, plaintiff also testified to pain in her joints, which she elaborated to include her knuckles, wrists, elbows, back, neck, knees, and toes. (AR at 127). In the Pain Questionnaire, plaintiff wrote that she experiences pain "almost all of the time. (Id.). At the hearing, plaintiff testified that for 12 to 16 days in a typical month, she stays in bed or lies on the couch all day due to pain. (AR at 71). Plaintiff further noted that the longest period of time she could sit was five to fifteen minutes; the longest time she could stand was ten to fifteen minutes; and the longest amount of time that she could walk outside her home was fifteen minutes. (AR at 129).

An ALJ need not believe every allegation of disabling pain. See Ortega v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). Where an ALJ finds a claimant's claims of disabling pain not entirely credible, and there is no evidence of malingering, the ALJ must set forth legally permissible, specific, clear and convincing reasons for doing so. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) ("If there is medical evidence establishing an objective basis for some degree of

pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the Secretary's reason for rejecting the claimant's testimony must be 'clear and convincing,' and supported by specific findings") (citations omitted). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Morgan v. Commissioner of the Social Security Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Furthermore, "[i]t's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." Dodrill, 12 F.3d at 918 (citing Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir. 1988), rev'd on other grounds upon reh'g, 859 F.2d 1396 (9th Cir. 1988)). An ALJ's reasons for discrediting a claimant's testimony must be sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-56 (9th Cir. 1991).

As discussed below, the ALJ's reasons for rejecting plaintiff's credibility do not withstand scrutiny.

**1. Absence of Objective Findings to Substantiate Plaintiff's Claims**

The ALJ cited to the lack of objective medical evidence supporting plaintiff's subjective complaints as a ground for rejecting her subjective complaints. (AR at 38). An ALJ cannot rely on an absence of disability findings to reject a plaintiff's credibility. A claimant need not produce evidence of pain other than his own subjective testimony. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) ("The claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof."). Nor must a

6

claimant present objective medical evidence of a causal relationship between the impairment and the type of symptom. See Smolen, 80 F.3d at 1282; see also Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) ("[O]nce an impairment is medically established, the ALJ cannot require medical support to prove the severity of the pain."). Rather, the claimant need only "produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Bunnell, 947 F.2d at 344 (internal quotations omitted). This approach reflects the Ninth Circuit's recognition of the "highly subjective and idiosyncratic nature of pain and other such symptoms," Smolen, 80 F.3d at 1282, such that "[t]he amount of pain caused by a given physical impairment can vary greatly from individual to individual." Id. (internal quotations omitted).

Put another way, "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." Social Security Ruling ("SSR") 96-7p.[1] Instead, a claimant must demonstrate only two things: "(1) [he] must produce objective medical evidence of an impairment or impairments; and (2) [he] must show that the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some

---

[1] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are, nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

1  degree of symptom." SSR 96-7p; see also SSR 96-3p.

2  In this case, the ALJ found that plaintiff's testimony regarding
3  her subjective complaints was "not sufficiently credible to justify
4  any further limitations than those established by the objective
5  medical record." (AR at 38). But once a claimant produces medical
6  evidence of an underlying impairment, the Commissioner may not
7  discredit the claimant's testimony as to subjective symptoms merely
8  because they are unsupported by objective evidence. Lester, 81 F.3d
9  at 834. Here, the ALJ explicitly determined that plaintiff suffered
10 from the severe impairment of fibromyalgia symptoms. (AR at 38).
11 Thus, unless there is affirmative evidence showing that the plaintiff
12 is malingering, the Commissioner's reasons for rejecting the
13 claimant's testimony must be "clear and convincing." Id. General
14 findings are insufficient; rather, the ALJ must identify what
15 testimony is not credible and what evidence undermines the claimant's
16 complaints. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993);
17 Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584
18 (9th Cir. 1988).

19 In the instant case, there is a significant amount of objective
20 evidence of plaintiff's injuries to support her subjective complaints.
21 On October 1, 2002, plaintiff received a Rheumatology Consultation
22 from Raginder Mahajan, M.D., who opined that plaintiff had symptoms
23 "most consistent with fibromyalgia syndrome in view of presence of
24 diffuse tender areas and presence of significant sleep limitation and
25 sleep deprivation." (AR at 141-42). Furthermore, progress notes from
26 plaintiff's treating physician, Anastacio Vigil, M.D., indicated that
27 plaintiff suffered from fibromyalgia (AR at 212, 213, 214, 223, 226)
28

and fibromyalgia syndrome (AR at 203, 204, 215, 216). On January 22, 2003, internist Rocely Ella Tamayo, M.D. examined plaintiff and diagnosed her with a history of fibromyalgia.[2] (AR at 186). These well-documented impairments could reasonably be expected to produce the degree of pain of which plaintiff complained. Thus, the ALJ erred in rejecting plaintiff's credibility on the basis of that the objective medical evidence failed to establish any further limitation than medium exertional work.

### 2. Daily Activities

The ALJ found that plaintiff's activities were inconsistent with her allegations of total disability. (AR at 38). Specifically, the ALJ noted that plaintiff "feeds and watches her baby" and "spent her time with her son, walking with him, 'showing him love', etcetera." (Id.). While the ALJ acknowledged that plaintiff contends that her extended family are the primary caregivers for the child, "evidence suggests the contrary." (Id.). As such, the ALJ rejected plaintiff's testimony that she suffered from disabling impairment.

In evaluating a claimant's credibility, an ALJ must consider the factors that Social Security Regulation 95-5p sets forth. Those factors include the claimant's daily activities and the adjudicator's

---

[2] Notwithstanding her diagnosis of fibromyalgia, Dr. Tamayo also opined that plaintiff "probably will be able to pick up 50 pounds occasionally and 25 pounds frequently, stand and walk six out of an eight-hour work period with normal breaks. She will be able to kneel, squat and sit for a long time. There is no functional limitation in the hands." (AR at 186). Likewise, a review physician for the Social Security Administration reviewed plaintiff's records and made the same conclusions as Dr. Tamayo regarding plaintiff's residual functional capacity. (AR at 189-96). The ALJ accepted and adopted the assessments of Dr. Tamayo and the review physician in his decision. (AR at 37). These assessments, however, did not account for or specifically discount plaintiff's testimony regarding her pain.

personal observation of the claimant.  See SSR 95-5p.  "With respect to daily activities, this court has held that if a claimant 'is able to spend a substantial part of [his] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.'"  Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (emphasis in original) (citing Morgan, 169 F.3d at 600); see also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).  In Fair, however, the Ninth Circuit cautioned that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."  Fair, 885 F.2d at 603.

Here, plaintiff testified in detail regarding her inability to perform activities without assistance.  Plaintiff testified that she relies on her husband and extended family with whom she lives to assist in caring for her son.  (AR at 65, 67).  When asked by the ALJ what she could do for her son, plaintiff testified that she could "show him love" by having him sit on her lap while she's sitting on the couch or lying down with her.  (AR at 66).  Plaintiff also testified that on a good day, she could take her son for a walk outside and watch him ride his bicycle.  (Id.).  The ALJ further noted that Dr. Tamayo wrote in her evaluation that plaintiff could feed and watch her baby.  (AR at 183).  The ALJ acknowledged that while plaintiff alleged that she required assistance with caring for her child, he found her ability to feed and watch her son, show him love, "etcetera" to be inconsistent with her claims of disability and her assertion that her relatives are the primary caregivers of her child.  (AR at 38).

1    The Court finds plaintiff's ability to care feed and watch her
2 son and show him love are not necessarily contrary to her claims of
3 disability. Plaintiff testified that she relies on her family to
4 assist with household functions, such as shopping, cooking, washing
5 dishes, and serving food. (AR at 72-73). Consistent with this
6 testimony, plaintiff noted in an Exertional Daily Activities
7 Questionnaire completed on December 5, 2002, that she could brush her
8 own teeth, put her hair in a ponytail, and bathe, but experienced
9 difficulty and pain when walking, sitting, standing, filling out the
10 questionnaire, and pulling, pushing, or holding heavy objects. (AR at
11 124). Thus, plaintiff has consistently testified to difficulty with
12 performing the routine daily activities.

13    Even assuming that plaintiff could care for her son and show him
14 love, the ability to engage in such activities does not support the
15 ALJ's decision to reject plaintiff's credibility that she is disabled.
16 Feeding, bathing, and showing love to a child does not clearly
17 translate into the ability to work. The Ninth Circuit has found that
18 activities, such as driving a car or limited walking for exercise, do
19 not "in any way detract from [a claimant's] credibility as to [his or
20 her] overall disability." Vertigan, 260 F.3d at 1050; see also Howard
21 v. Hecklar, 782 F.2d 1484, 1488 (9th Cir. 1986) (claim of pain-induced
22 disability not gainsaid by capacity to engage in periodic travel).
23 The Ninth Circuit has repeatedly stated that a claimant need not be
24 utterly incapacitated in order to be disabled. See Fair, 885 F.2d at
25 603 ("The Social Security Act does not require that claimant be
26 utterly incapacitated to be eligible for benefits."); see also
27 Vertigan, 260 F.3d at 1050 ("One does not need to be utterly
28

incapacitated in order to be disabled."). As such, substantial evidence does not exist to support the ALJ's finding that plaintiff's alleged ability to engage in child care activities rendered her testimony not credible.

In sum, the ALJ does not present substantial evidence to support his determination that plaintiff's pain testimony was not credible by virtue of her alleged ability to engage in certain child care activities.

**C.  Remand is Required to Remedy the Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy the defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen, 80 F.3d at 1292.

Here, the Court finds remand appropriate. The reasons cited by the ALJ in support of rejecting plaintiff's credibility are insufficient. On remand, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record to support his

1 decision to reject plaintiff's credibility regarding her subjective complaints.[3]

### ORDER

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: January 30, 2006

                                                     /s/
                                        JENNIFER T. LUM
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to call a medical advisor and to properly assess the medical record. As explained above, however, the ALJ's errors in rejecting plaintiff's credibility constitute sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.